HENRY CARPENTER, *et al., Plaintiff in Error,*

*vs.*

WILLIAM MOSER, *Defendant in Error.*

ERROR TO THE COUNTY COURT OF COLUMBIA COUNTY.

Where a sub-contractor, files his lien against a building, under Chap. 120 of Revised Statutes, and proceeds to enforce the same for the amount due from the owner to the principal contractor, and such indebtedness is the principal matter in issue, the principal contractor is not a competent witness to prove such indebtedness, on the ground of interest.

The defendant in error commenced proceedings under chapter 120 of the Revised Statutes, concerning the lien of mechanics and others, by filing his petition for a lien against and upon the tavern house of the plaintiff in error, in the county of Columbia, on the 2d day of September, A. D. 1851, and at the November term of said court, the plaintiff below obtained judgment, lien, &c.

The bill of exceptions discloses a number of points in which the ruling of the court below was excepted to by the counsel for the plaintiff in error. But, as the case was decided upon only one of them, it is only necessary to state so much of the case as relates to the point in judgment in this court.

The petition of Moser, the plaintiff below, alleged that John Pettifer, in February, A. D. 1851, entered into contract with Henry Carpenter, the defendant below, to build the said Carpenter a tavern house on lot No. 7 in block No. 52 of the town of Fort Winnebago, in said county of Portage, the property of said Henry Carpenter, for the sum of $750.00, for the carpenter and joiner work of said tavern house. That

June Term
1853.

Carpenter
vs.
Moser.

the said John Pettifer afterwards proceeded in the execution of said contract, and employed the petitioner to work on said house at carpenter and joiner work, and the petitioner did accordingly commence said work on said building or tavern house, on the 30th day of June, 1851, and continued to work on the same until the 30th day of August, 1851, " at $1.00 per day and boarded." That on the 1st day of September, 1851, petitioner and Pettifer settled for said work, and there was found due petitioner for his said work, from Pettifer, a balance of $57.46, for which the petitioner claimed a lien on said tavern house and lot, to the extent of any thing then due from said Carpenter to said Pettifer, on account of work done or caused to be done on said tavern house, for the said Carpenter, &c.

" Afterwards, to wit: in the month of November, in the year of our Lord one thousand eight hundred and fifty-one, came the said William Moser, by Johnson & Dixon, his attorneys, into the said County Court for Columbia county, before the judge thereof, and impleaded the said Henry Carpenter and John Pettifer in a *scire facias*, in these words:"

The *scire facias* recites the petition aforesaid, avers, that on the 1st day of September, 1851, the plaintiff gave notice in writing to the defendant, that he had filed his petition for a lien on said building and lot, for the balance found due on settlement with Pettifer, to the amount of whatever was due, or to become due, from the said Carpenter to the said Pettifer, for work done on said house ; averred that said Carpenter was indebted to Pettifer, at the time of giving said notice, and since that time, has become indebted to said Pettifer, for said Pettifer's work done under said

contract, and for additional and extra work done for Carpenter by Pettifer on said house, as principal contractor, to an amount greatly exceeding the said sum of $57.46., &c. &c., and summoned the said Carpenter and Pettifer to appear, &c., and show cause, &c.

To this *scire facias* the defendant Carpenter filed a demurrer, which was overruled by the Court, and afterwards, the defendant Carpenter pleaded "that at the time of the giving of notice to him, &c., "he, the said defendant, was not indebted to the said Pettifer as such contractor, in any sum whatsoever, and that the said defendant is not now indebted to said John Pettifer, as such contractor, in any sum whatever; and of this the said defendant puts himself upon the county, &c."

The cause was tried by the court, no jury having been demanded, when the plaintiff proved the service of the notice mentioned in the *scire* and *facias*, the contract, between Carpenter and Pettifer. Witnesses were called on both sides to maintain the issue on either part, and after the defence had rested, the plaintiff, to rebut the evidence given on the part of the defence, called as a witness the said John Pettifer, and offered to prove by him, that Carpenter was indebted to him on said contract on the 1st day of September, 1851.

To this offer the defendant objected, on the ground that Pettifer was interested to prove the issue on the part of the plaintiff, and objected to his testifying generally in the cause, as Pettifer had suffered judgment by default on the issue of indebtedness to him, for plaintiff's work on the contract; but the court overruled the objection, to which ruling the defendant

excepted. Pettifer was then permitted to testify, and
gave testimony tending to prove the indebtedness of
Carpenter to him, on the 1st of September, 1851.
Other rebutting evidence was given; upon all of
which evidence the court rendered judgment, that
the said plaintiff, William Moser, has a lien of $22.46
against the said tavern house and lot of said Henry
Carpenter, and that he have execution for the same
with costs, &c.

*Collins & Smith and Delaney*, for the plaintiff in
in error.

*Dixon & Prentiss*, for the defendant in error.

*By the Court*, Whiton, C. J.   This is a *scire facias*,
brought by the defendant in error against the plain-
tiff in error, to enforce a mechanic's lien, pursuant to
section twelve of chapter one hundred and twenty of
the Revised Statutes.

The plaintiff below, (Moser,) claims to be a subcon-
tractor, having performed work and labor on a tavern
house for Pettifer, who had undertaken to construct
the house, in whole or in part, for Carpenter.

Many exceptions were taken to the ruling of the
judge at the trial, but as we think one of them must
be decisive of the case, we do not feel called upon to
pass upon the remainder.

The statute provides that "No claim of any subcon-
tractor shall be a lien under this chapter, except so
far as the owner may be indebted to the contractor at
the time of giving such notice as aforesaid, of such
claim, or may become indebted afterwards to him as
such contractor." It was necessary for Moser to prove
at the trial, that Pettifer was the contractor; that he,

16

(Moser,) did work for him on the building; that Pettifer was indebted to Moser for such work; that he gave notice in writing, to Carpenter, that he was at work on the building, and claimed the benefit of the lien given him by the statute; and that Carpenter was indebted to Pettifer on the contract at the time the notice was served, or became indebted to him afterwards.

It appears, from the bill of exceptions, that at the trial, Moser offered Pettifer as a witness, who was objected to by the defendant, on the ground of interest, but that the judge overruled the objection, and permitted him to testify. To this ruling the counsel for the defendant excepted. It appears, further, from the bill of exceptions, that the testimony of Pettifer related principally to the fact of the indebtedness of Carpenter to him.

We do not see how the ruling of the judge admitting Pettifer as a witness can be sustained. He was an interested witness. It was for his interest to show that Carpenter was indebted to him, which was one of the facts which Moser was obliged to prove; and whatever sum Carpenter owed him on the contract, went to pay the debt, which he owed Moser for labor. He therefore had a direct interest in the event of the suit. If the indebtedness of Carpenter to him on the contract had been an admitted fact, he would have been a competent witness for Moser; as he would have been interested against the party calling him, he being interested to deny that he owed Moser anything for his labor. But, as the case stands, we do not think he was competent. *Collins vs. Ellis*, 21st *Wend.* 397; *Miner vs. Hoyt*, 4th *Hill*, 193.

For the error of the judge in permitting him to testify, the judgment must be reversed.